```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


TIMOTHY J. THORNE,                )
                                  )
            Petitioner,            )
                                  )
      v.                          )     No. 4:05 CV 1172 DDN
                                  )
JAMES PURKETT,                    )
                                  )
            Respondent.            )
```

**MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Timothy J. Thorne for a writ of habeas corpus under 28 U.S.C. § 2254, for a writ of mandamus, and for the appointment of counsel. (Docs. 2, 26, 27.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 11.) For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I. BACKGROUND**

On November 19, 2003, petitioner Timothy J. Thorne pleaded guilty to two counts of statutory sodomy in the first degree, in the Circuit Court of St. Francois County. (Doc. 8, Ex. A at 8.) Thorne was sentenced to two concurrent terms of twenty-five years imprisonment. (Id.)

In his habeas petition, Thorne alleges four grounds for relief:

(1) Plea counsel rendered constitutionally ineffective assistance because he misrepresented to petitioner that his videotaped confession could be used against him at a trial, and did not explain that the recorded confession could be suppressed;

(2) He was mentally incompetent to enter a plea of guilty;

(3) His confession to the police was coerced; and

(4) His guilty plea was not knowing and voluntary.

(Doc. 2.)

Respondent argues that Ground 2 is procedurally barred, and that the other grounds are without merit. (Doc. 8.)

## II. STANDARD OF REVIEW

This court's habeas corpus review of the merits of a state court decision is limited to determining whether the adjudication of an alleged claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Section 2254 limits the scope of federal habeas corpus review in order to expedite the proceedings with appropriate deference to state court decisions. Nicklasson v. Roper, 491 F.3d 830, 833 (8th Cir. 2007), cert. denied, 128 S. Ct. 2052 (2008).

A state court decision is contrary to established federal law if it contradicts governing Supreme Court cases on a question of law, or if when confronted with facts "materially indistinguishable" from the facts addressed in a Supreme Court decision, it reaches a different result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an unreasonable application of clearly established federal law if, in the federal court's independent judgment, "the relevant state-court decision [not only] applied clearly established federal law erroneously or incorrectly[, but also did so] . . . unreasonabl[y]." Nicklasson, 491 F.3d at 833-34 (quoting Williams, 529 U.S. at 410-11). Under § 2254, federal courts are to presume the state court factual findings are correct. Nicklasson, 491 F.3d at 834. The petitioner bears the burden of rebutting that presumption by clear and convincing evidence. Id.

Under the doctrine of procedural bar, a federal habeas court will not review a claim that the state courts did not address because the petitioner failed to meet the reasonable procedural requirements of the

state for presenting the claim. Lee v. Kemna, 534 U.S. 362, 375 (2002). Failure to raise a claim in the state courts erects such a procedural bar to relief in federal court. Sweet v. Delo, 125 F.3d 1144, 1149-50. (8th Cir. 1997). The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state collateral attack. See Murray v. Carrier, 477 U.S. 478, 490-92 (1986).

A petitioner may avoid the procedural bar to federal habeas review if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

To establish legally sufficient cause for a procedural default, petitioner must demonstrate that some objective factor external to his defense impeded his efforts to comply with state procedural requirements. Id. at 753. Lack of education or legal training and pro se status on the part of the petitioner are not legally sufficient cause for procedural default. See Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992).

A petitioner may also avoid procedural bar by demonstrating that the failure to consider the grounds of his petition will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. A fundamental miscarriage of justice can be demonstrated only if it is shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ." Murray, 477 U.S. at 496. A habeas petitioner asserting actual innocence must do so with new, reliable evidence that was not presented at trial. Johnson v. Norris, 170 F.3d 816, 817-18 (8th Cir. 1999).

### III. DISCUSSION

**GROUND 1**

In Ground 1, petitioner argues that his plea counsel rendered ineffective assistance because he misrepresented the admissibility of his videotaped confession.

On July 14, 2004, petitioner filed an amended motion for post-conviction relief under Missouri Supreme Court Rule 24.035. (Doc. 8, Ex. 8 at 28-39.) In his motion, Thorne alleged that his plea counsel

rendered ineffective assistance by not telling him that the confession might be suppressed as evidence available to the state at a trial. (Id. at 29-30.) On September 1, 2004, the Circuit Court denied relief without an evidentiary hearing. (Id. at 35-38.) The court, after reviewing the applicable federal constitutional law,[1] recounted that during the plea proceeding petitioner stated to the court that he had made incriminating statements to the police, that these statements were given freely and voluntarily by him, and that he had been advised of his Miranda rights. (Id.) In particular, the court noted:

> From this record it appears that [petitioner] avowed under oath his statement was freely and voluntarily given. [He] also testified he was advised of his Miranda rights prior to his statement. Counsel cannot be faulted for failing to pursue a motion that would be meritless given [petitioner's] own testimony about his voluntary statement.

(Id. at 37.) On May 31, 2005, the Missouri Court of Appeals affirmed the denial of relief. (Doc. 12, Ex. G.)

To obtain relief from a conviction because of ineffective assistance of counsel, a habeas petitioner first must demonstrate that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. In this regard, petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Counsel's strategic choices made after thorough investigation are virtually unchallengeable, and decisions following less thorough, but nevertheless reasonable, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690-91.

The second element of the Strickland test for ineffective assistance of counsel requires that a habeas petitioner demonstrate prejudice resulting from counsel's deficient performance. Id. at 687. In a case such as petitioner's, which was resolved by a plea of guilty, the focus is on whether counsel's assertedly deficient performance affected the

---

[1]The Circuit Court cited Strickland v. Washington, 466 U.S. 668, 687 (1984), Hill v. Lockhart, 474 U.S. 52, 60 (1985), and Coates v. State, 939 S.W.2d 912, 914 (Mo. 1996).

outcome of the plea process. Hill, 474 U.S. at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

At the guilty plea proceeding,[2] the following colloquy took place:

Q. [Court] Has your attorney investigated this case to our full satisfaction?
A. [Petitioner] Yes, sir.
Q. Has your attorney interviewed all the witnesses that you know of in this case?
A. Yes, sir.
Q. Do you know of any witnesses that you wanted your attorney to interview that he didn't interview?
A. No, sir.
Q. Were there any alibi witnesses in this case to your knowledge?
A. No, sir.
Q. Has your attorney done all the things that you have requested him to do for you in this case?
A. Yes, sir.
Q. Has he refused to do anything for you in this case that you thought he should have done for you?
A. No, sir.
Q. Did you make a confession or make any incriminating statements in this case to any law enforcement officers?
A. Yes, I did.
Q. At the time that you made that confession or statement, were you advised of your Miranda rights?
A. Yes, sir.
Q. Any confession or statement that you gave, was it given freely and voluntarily by you?
A. Yes, sir.
Q. Do you think you've had sufficient opportunity to discuss this case with your attorney before you plead guilty to these charges?
A. Yes, sir.
Q. Have all defenses available to you been discussed and explained to your full satisfaction by your attorney?
A. Yes, sir.
Q. Are you fully satisfied with the advice and counsel of your attorney in regard to this case?
A. Yes, sir.
Q. Do you have any complaints whatsoever to make about your attorney's handling of the case for you?

---

[2]At this proceeding petitioner was represented by Missouri state District Defender Scott Thompson.

>     A.   No, sir.

(Doc. 8, Ex. C at 4-5.) Petitioner indicated he had spent about ten hours conferring with counsel. (<u>Id.</u> at 4.)

The court also questioned petitioner about his satisfaction with counsel's representation:

>     Q.   Other than the terms of any plea bargain, did your attorney communicate any threats or promises to you to induce you to enter your pleas of guilty?
>     A.   No, sir.
>     Q.   Are you satisfied with the services rendered to you by . . . your attorney?
>     A.   Yes, sir.

(<u>Id.</u> at 17.)

Petitioner has failed to satisfy the <u>Strickland</u> test. Based upon the record before it, the circuit court, affirmed by the court of appeals, concluded that petitioner's plea counsel's performance did not fall below the objective standard of reasonableness. This was because petitioner specifically swore to the court that his confession was not coerced. Upon such a record, the circuit court's conclusion that counsel should not be faulted for not pursuing a claim that the confession was coerced is reasonable.

In his Traverse, petitioner relies on a letter to him from his plea attorney, dated July 28, 2005. (Doc. 10 at 10-11.) In the letter, plea counsel stated, in relevant part:

> You request, in your most recent letter, the tapes "where I was almost beaten to death and forced to plead guilty." If there is such a tape I am unaware of it. The tapes of your interrogation I did [enter] into evidence both at the circuit court level and in the court of appeals. Incidentally, because I [words illegible] those tapes as evidence, I was reluctant to send them to your brother. As I indicated back on August 9th of last year, the crux of my argument was that you were in no condition to give a statement to the police <u>regardless</u> of how you got cracked on the head. That's what the latter tape showed - you with a fresh scar on your head while being interviewed by the police. It simply didn't matter whether you were beaten or if you simply slipped and fell; you weren't in your right mind when you spoke to the police. My strategic choice was not to take on an additional burden of proof to show that your statement was involuntary <u>and</u> it was because you were beaten.

(Id. at 10.)

Upon the record before this court, including petitioner's sworn statements to the circuit court and the 2005 letter from his attorney, the decisions of the Missouri courts on petitioner's Ground 1 were reasonable and correct applications of the applicable federal law. Plea counsel's strategic choices cannot be challenged if they are supported by reasonable judgment. Nothing in the record indicates counsel performed deficiently. Indeed, counsel's letter indicates that he carefully weighed the evidence and facts in petitioner's case. Because petitioner has not satisfied the first prong of Strickland, there is no need to discuss the second prong with respect to Ground 1.

Ground 1 is without merit.

**GROUND 2**

In Ground 2, petitioner alleges that he was not competent to plead guilty.

As noted above, to qualify for federal habeas corpus consideration under § 2254, a state prisoner first must exhaust all available state remedies for each respective ground he presents in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); Coleman, 501 U.S. at 731; Wayne v. Mo. Bd. of Prob. & Parole, 83 F.3d 994, 996 (8th Cir. 1996). Failure to raise a claim in the state circuit and appellate courts erects a procedural bar to relief on that claim in this court. Coleman, 501 U.S. at 734-35; Sweet, 125 F.3d at 1149-51.

Petitioner may avoid the procedural bar to federal habeas review if he can demonstrate (1) legally sufficient cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. "Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). If petitioner claims actual innocence, he must support his allegation with new reliable evidence. Schlup v. Delo, 513 U.S. 298, 324 (1995).

Petitioner failed to raise this claim in any state court and now has failed to make a case for avoiding the procedural bar. First, he has not provided legally sufficient cause, or demonstrated actual prejudice for the default. Petitioner contends he can establish cause and actual prejudice based on his counsel's failure to argue both physical and mental coercion. An alleged failure by counsel in state post-conviction relief proceedings is not legally sufficient cause to set aside a procedural default of not raising a ground for relief in the state courts. See Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005). This is because such a failure by counsel must amount to constitutionally ineffective assistance of counsel. Constitutionally ineffective assistance cannot be considered where the Sixth Amendment right to counsel does not exist, as in state post-conviction relief proceedings. See id.

Second, petitioner claims actual innocence but has failed to provide any new and reliable evidence to support the claim. Petitioner's naked assertion of actual innocence is insufficient to establish a fundamental miscarriage of justice. See Weeks v. Bowersox, 119 F.3d 1342, 1351-52 (8th Cir. 1997) (en banc).

Ground 2 is procedurally barred.

**GROUND 3**

In Ground 3, petitioner alleges his pretrial confession was coerced.

Although petitioner filed a motion to suppress the statement during pretrial proceedings (Doc. 8, Ex. A at 6-7), petitioner later affirmed that his confession was knowing and voluntary at the guilty plea proceeding. (Doc. 8, Ex. C at 5).

> Q. [Court] At the time that you made that confession or statement, were you advised of your Miranda rights?
> A. [Petitioner] Yes, sir.
> Q. Any confession or statement that you gave, was it given freely and voluntarily by you?
> A. Yes, sir.

(Id.)

More to the point, petitioner's guilty plea waived his complaint about the voluntariness of the pretrial confession. See United States

v. Broce, 488 U.S. 563, 572 (1989); Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Tollett, the Supreme Court held that:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

Tollett, 411 U.S. at 267. A defendant who has pleaded guilty based on reasonably competent advice may not make a collateral attack on that guilty plea by alleging that counsel may have misjudged the admissibility of an earlier confession. McMann v. Richardson, 397 U.S. 759, 770 (1970). "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." Id.

Thorne spent approximately ten hours discussing the case with his lawyer before pleading guilty. (Doc. 8, Ex. C at 5.) He testified that he was fully satisfied with the advice and counsel of his attorney. (Id.) In addition, petitioner testified that his pretrial statement was given freely and voluntarily, after being advised of his Miranda rights. (Id.) Looking to Tollett and the circumstances surrounding his confession, this claim fails.

Ground 3 is without merit.

**GROUND 4**

In Ground 4, petitioner alleges that his guilty plea was unknowing and involuntary.

A guilty plea waives numerous constitutional rights. Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). As a result, any guilty plea must represent a voluntary and intelligent choice among the various options available to the defendant. Id. A guilty plea is involuntary if the defendant does not understand the nature of the constitutional protections he is waiving, or if the defendant has such an incomplete

understanding of the charges that his plea cannot stand as an intelligent admission of guilt.  Id. at 1141-42.  "A plea is involuntary if the defendant did not receive real notice of the true nature of the charge against him."  Id. at 1142.

Looking to the record, petitioner's guilty plea was knowing and voluntary.  During the guilty plea proceeding, the following colloquy took place:

> Q. [Court] Now then, how do you plead to Count I, which is the felony of statutory sodomy in the first degree?
> A. [Petitioner] Guilty.
> Q. And how do you plead to Count II, the felony of statutory sodomy in the first degree?
> A. Guilty.
> Q. Do you understand that you have a right to have a jury determine you guilt or innocence of the charges against you at a speedy and public trial?
> A. Yes, sir.
> Q. Do you understand that by pleading guilty you waive that right and will not have a jury trial?
> A. Yes, sir.
> Q. Understanding that, do you still wish to plead guilty?
> A. Yes, sir.
> Q. Do you understand that at a trial of the charges against you, you are entitled to be faced by those who would testify concerning your participation in the offenses charged, you'd have the right to hear their testimony, and your attorney could then cross-examine those witnesses?
> A. Yes, sir.
> Q. Do you understand that by pleading guilty, you waive those rights and will not be confronted by the witnesses against you or hear their testimony or be permitted to question them about your alleged participation in the offenses charged?
> A. Yes, sir.
> Q. Understanding those things, do you still wish to plead guilty?
> A. Yes, sir.
> Q. Do you understand that at a trial of the charges against you, you would be presumed innocent until proven guilty and that your guilt must be proved by evidence which convinces the jury of your guilt beyond a reasonable doubt and that all twelve jurors would have to agree as to your guilt?
> A. Yes, sir.
> Q. Do you understand that you have a right not to say anything which might incriminate you with regard to the charges against you?
> A. Yes, sir.

> Q. Do you further understand that by pleading guilty you are in fact making an incriminating statement with regard to the charge and that the presumption that you are innocent and the requirement that a jury be convinced of your guilt beyond a reasonable doubt are now lost to you?
> A. Yes, sir.
> Q. Understanding those things, do you still wish to plead guilty?
> A. Yes, sir.
> Q. Do you understand that at a trial of the charges against you, you are entitled to have persons summoned to testify as witnesses in your behalf?
> A. Yes, sir.
> Q. Do you further understand that by pleading guilty you lose the right to present witnesses in your behalf?
> A. Yes, sir.
> Q: Understanding that, do you still wish to plead guilty?
> A: Yes, sir.

(Doc. 8, Ex. C at 6-8.) Reviewing this exchange, petitioner understood the nature of the constitutional protections he was waiving.

Looking to the record, petitioner also had a complete understanding of the charges he faced. During the guilty plea proceeding, the court detailed the facts of each count. Petitioner testified that he understood the nature of these charges:

> Q. Do you understand and admit each essential element of [Count I] that I have read to you?
> A. Yes, sir.
>
> . . .
>
> Q. Do you understand and admit each essential element of [Count II]?
> A. Yes, sir.
> Q. The range of punishment on each of these charges is not less than five up to life. Do you understand that range of punishment?
> A. Yes, sir.
> Q. And do you understand it pertains individually, to each charge?
> A. Yes, sir.
> Q. Have any threats or pressure of any kind been exerted against you to cause you to plead guilty here today?
> A. No, sir.
>
> . . .

| | | |
|---|---|---|
| Q. | | Are you pleading guilty because you are in fact guilty and admit you committed the offenses with which you are charged? |
| A. | | Yes, sir. |

. . .

| | | |
|---|---|---|
| Q. | | Are you aware that you [could] withdraw your pleas of guilty prior to me formally accepting them at the end of this questioning process? |
| A. | | Yes, sir. |
| Q. | | In light of all the things that have gone on here today, is it still your desire to plead guilty to these two charges against you? |
| A. | | Yes, sir. |

(Doc. 8, Ex. C at 8-13.)

Petitioner pleaded guilty, and affirmed several times that he wished to plead guilty. He confirmed that no one forced him to plead guilty, and testified that he was pleading guilty because he was in fact guilty. (Id. at 6-13.)

Thorne argues that his guilty plea was unknowing, involuntary, and unintelligent because his plea attorney improperly advised him as to the admissibility of the evidence against him. (Doc. 2.) The Supreme Court has stated that:

> In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases.

McMann, 397 U.S. at 770-71. As noted in Ground 1, petitioner's counsel was not ineffective. Looking to McMann, Ivy, and the record of the guilty plea proceedings, petitioner's guilty plea was knowing, voluntary, and intelligent.

Ground 4 is without merit.

**Motion to Appoint Counsel**

Petitioner moves for the appointment of counsel. (Doc. 27.) However, petitioner already moved for the appointment of counsel once before. (Doc. 5.) This previous motion was denied on January 18, 2006. (Doc. 13.) For the reasons outlined in that order, the motion to appoint counsel is again denied.

**Motion for a Writ of Mandamus**

Petitioner moves for a writ of mandamus, requesting the court to issue its ruling and to grant the writ of habeas corpus. For the reasons outlined above, the motion for a writ of mandamus is denied as moot.

**Certificate of appealability**

Petitioner has not made a substantial showing that that he has been denied a constitutional right. Therefore, the court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For the reasons stated above, the petition of Timothy J. Thorne for a writ of habeas corpus and all pending matters are denied. An appropriate Judgment Order is issued herewith.


     /S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 29, 2008.